IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| STONE CITY MUSIC COMPANY, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., NIGHT KITCHEN MUSIC, and ROUND HILL ROYALTY FUND LP d/b/a ROUND HILL SONGS,<br><br>Plaintiffs,<br><br>-against-<br><br>FURNITURE FACTORY BAR & GRILL LLC, MARK KOMARA, DONNA HAYS, and MICKEY A. LANIER,<br><br>Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Furniture Factory Bar & Grill LLC ("FFBG") is a limited liability company organized under the laws of the State of Alabama with principal offices located at 619 Meridian Street North, Huntsville, Alabama 35801.

6. At all times hereinafter mentioned, FFBG did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Furniture Factory Bar & Grill ("Furniture Factory"), located at 619 Meridian Street North, Huntsville, Alabama 35801.

7. Musical compositions were and are publicly performed at Furniture Factory.

8. On information and belief, defendant Mark Komara ("Komara") is an individual who resides and/or does business in this district.

8. On information and belief, defendant Donna Hays ("Hays") is an individual who resides and/or does business in this district.

9. On information and belief, defendant Mickey A. Lanier ("Lanier," and together with FFBG, Komara, and Hays, the "Defendants") is an individual who resides and/or does business in this district.

10. At all times hereinafter mentioned, Komara, Hays, and Lanier were, and still are, members, managers, officers, directors, and/or principals of FFBG.

11. At all times hereinafter mentioned, Komara, Hays, and Lanier were, and still are, responsible for the control, management, operation and maintenance of the affairs of FFBG.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Furniture Factory, including the

right and ability to supervise and control the public performance of musical compositions at Furniture Factory.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Furniture Factory.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly 980,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by at least the following facts:

   (a) Defendant FFBG entered into a license agreement with ASCAP, effective September 1, 2012.

   (b) FFBG, however, failed to pay license fees as required by the license agreement.

   (c) Because of FFBG's failure to pay license fees due, on June 30, 2016, upon written notice, ASCAP terminated the ASCAP license for FFBG.

17. Since termination of FFBG's ASCAP license, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer a new license agreement for Furniture Factory, upon payment of the outstanding fees owed to ASCAP.

18. Defendants have refused all of ASCAP's offers for a new license for Furniture Factory.

## COUNT ONE
## Federal Copyright Infringement

19. Plaintiffs repeat and reallege paragraphs 1 through 18 hereof, as if fully set forth herein.

20. ASCAP's various communications offering a new license to Furniture Factory gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Furniture Factory constitute copyright infringement.

21. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Furniture Factory, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

22. The original musical compositions listed in Column 3 of Schedule A were created and written by the persons named in Column 4.

23. Each composition listed in Column 3 was published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

24. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights

and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Furniture Factory, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26. The public performances at Furniture Factory of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28. The many unauthorized performances at Furniture Factory include the performances of the three copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action listed on Schedule A was an owner of the copyright in the composition therein named.

30. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

## COUNT TWO
### Federal Vicarious Copyright Infringement

31. Plaintiffs repeat and reallege paragraphs 1 through 30 hereof, as if fully set forth herein.

32. Komara, Hays, and Lanier, on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, each had the right and ability to supervise the infringing conduct and profited directly from the infringement resulting from the public performances of the compositions at Furniture Factory.

33. Komara, Hays, and Lanier either controlled or supervised the infringing performances of the compositions at Furniture Factory and/or failed to exercise their right to stop or limit the infringement.

34. By their actions, as alleged above, Komara, Hays, and Lanier have knowingly and intentionally infringed and violated Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.*

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any other compositions in the ASCAP repertory for which Defendants have no license -- and from causing or permitting the said compositions or any other compositions in the ASCAP repertory to be publicly performed at Furniture Factory, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear

just, as specified in 17 U.S.C. § 504(c)(2), namely, not more than One Hundred and Fifty Thousand Dollars ($150,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

    III.    Alternatively, if the Court does not find Defendants' actions to be willful, that Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

    IV.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

    V.    For such other and further relief as may be just and equitable.

/s/ *James A. Harris, III*
James A. Harris, III
Attorney for Plaintiffs

OF COUNSEL:

WATKINS & EAGER PLLC
Saks Building
1904 First Avenue North
Suite 300
Birmingham, AL 35203
Telephone: 205.732.9160

Brian C. Smith (MSB #101566)
(to be admitted Pro Hac Vice)
400 East Capitol Street, Suite 300
Post Office Box 650
Jackson, MS 39205-0650
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
briansmith@watkinseager.com

**PLAINTIFFS TO SERVE DEFENDANTS
VIA SPECIAL PROCESS SERVER AS FOLLOWS:**

Furniture Factory Bar & Grill, LLC
c/o Donna Hayes - Registered Agent
619 Meridian Street North
Huntsville, AL 35801

Mark Komara
c/o Furniture Factory Bar & Grill, LLC
619 Meridian Street North
Huntsville, AL 35801

Mickey A. Lanier
c/o Furniture Factory Bar & Grill, LLC
619 Meridian Street North
Huntsville, AL 35801

Donna Hayes
c/o Furniture Factory Bar & Grill, LLC
619 Meridian Street North
Huntsville, AL 35801

Schedule A

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff(s) | Musical Composition | Writer(s) | Date of Publication or Registration | Certificate of Registration Number | Date of Known Infringement |
| 1. | STONE CITY MUSIC COMPANY | PARTY ALL THE TIME | James A. Johnson (p/k/a Rick James) | September 23, 1985 | PA 265-458 | June 10, 2023 |
| 2. | W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP. | SOMEBODY'S BABY | Jackson Browne Daniel Kortchmar Mark Phillips | July 21, 1982 | PA 166-711 PA 180-717 | June 10, 2023 |
| | NIGHT KITCHEN MUSIC | | | | | |
| 3. | ROUND HILL MUSIC ROYALTY FUND LP d/b/a ROUND HILL SONGS | HIT ME WITH YOUR BEST SHOT | Edward Schwartz | October 24, 1980 | PA 88-162 | June 10, 2023 |

9